DUGAN v. STATE.

Ohio Supreme Court.

No. 20537. Decided Dec. 21, 1927.

Error to Green Appeals.

Judgment affirmed.

Syllabus by Editorial Staff.

681. JURISDICTION—751a. Mayors—Decision in Tumey case does not apply to mayor, compensated by annual salary, who receives no part of assessed cost.

Frank L. Johnson, Xenia, for plaintiff in error.

J. A. Finney, Xenia, city solicitor, for defendant in error.

BY THE COURT.

M. J. Dugan was arrested upon a charge of unlawful possession of intoxicating liquors and arraigned and tried before the mayor of the city of Xenia, the county seat of Greene county, Ohio. Before any evidence was introduced the defendant orally objected to the introduction of any evidence for the reason that the mayor was without jurisdiction to hear and determine the issues in the case. No specific grounds of want of jurisdiction were urged. The objection being overruled the case proceeded to trial and the defendant was found guilty and a fine was assessed. Error was thereupon prosecuted to the Court of Appeals, where the judgment was affirmed, and upon error being further prosecuted to the Court of Appeals the judgment in the Common Pleas and the mayor's court were affirmed. The case was heard in the Court of Appeals on April 16, 1927, and thereupon for the first time it was urged that the mayor was disqualified on the grounds of the decision in the case of Tumey v. State, ... U. S....

The mayor of Xenia is a salaried officer and does not participate in the costs collected in misdeameanor cases. All such costs are paid in the funds of the city of Xenia. It does not appear in this record that the court of the mayor of the city of Xenia has any of the features referred to in the opinion of the United States Supreme Court in the Tumey case, whereby the cause of justice was commercialized, and it further appears that the offense for which Dugan was tried was committed within the limits of the city of Xenia. The amount of fines collected annually on convictions before the mayor of Xenia in liquor cases does not appear. It is insisted that even though the mayor was a salaried officer this case comes within the second of the conditions referred to by the Supreme Court in the Tumey Case, viz., that the mayor had in mind the financial needs of the city. Upon this point the Court of Appeals in affirming the conviction said:

"This reference, however, was in our judgment incidental and did not of itself amount to a disqualification of the mayor, but was a circumstance which accentuated the personal interest of the mayor under the scheme provided by the so-called Crabbe act. To hold because fines are paid into the city treasury would break down the legitimate functions of the non-commercialized courts of the state. To so construe the decision of Judge Taft would affect the jurisdiction not only of mayors operating upon a fixed salary, but municipal court judges, and might even extend to the Common Pleas and Probate judges where the fines are paid into the county treasury. We are clear that this interpretation is not justified by the decision of the Supreme Court of the United States in the Tumey Case."

To those pertinent comments we may add that if we should adopt the arguments of counsel for accused persons in the cases recently submitted, it would result that a Common Pleas judge would be disqualified to sit in judgment upon a very large number of cases in the county of his residence, and in which he pays taxes, where taxes, assessments, licenses and franchises are involved, and where general property rights common to all property owners, including the judge, are involved. In all such cases it would be necessary to obtain a judge from another judicial district. In any such case prejudice would be conclusively presumed and the prejudiced party could submit to a trial without objection or question, and if the decision be favorable he could claim the benefit of res adjudicata, and, if unfavorable, could then plead it as null and void, declaring the court to be without jurisdiction of the subject-matter, and enjoin its enforcement in a collateral attack without even resorting to the inconvenience and expense of an error proceeding. We agree with the Court of Appeals that this feature of the case was incidental only, and was intended to apply to those courts which were shown to be commercialized, and should not be made to apply to a mayor compensated by a fixed annual salary, and receiving no part of the assessed costs, who is conducting a court in the trial of misdemeanors committed within the confines of his own city or village.

For the reasons stated the judgment of the Court of Appeals in this case will be affirmed. (Marshall, CJ., Day, Allen, Robinson and Matthias, JJ., concur. Jones, J., concurs in the judgment.)